## TOWN OF MANSFIELD *v.* COFER.

The Town of Mansfield is authorized, by the general welfare clause in its charter, to erect and operate an electric-lighting plant, and is expressly given the power to acquire property beyond the corporate limits of the town proper for a corporate purpose. This power authorizes the construction of a line of poles and wires outside of the corporate limits, to be used for conveying electricity to the town for lighting the same.
July 11, 1916.

Action for damages. Before Judge Smith. Newton superior court. July 3, 1915.

*R. W. Milner,* for plaintiff in error. *Greene F. Johnson,* contra.

EVANS, P. J. Mrs. Clara Evans Cofer brought suit against the Town of Mansfield, to recover damages for the alleged wrongful

homicide of her husband. In her petition she alleged that the municipality was engaged in the construction of a line of poles and wires to be used by the Town of Mansfield for the purpose of providing electric light to that municipality and its citizens. At the time of the injury the plaintiff's husband was engaged in the construction of the line beyond the limits of the town, and while so engaged and in the performance of his duty he was killed by the falling of a pole, due to the defendant's negligence. The court overruled the defendant's demurrer to the petition; and only one point is argued in the brief of counsel for plaintiff in error. It is contended that in the absence of express authority a municipal corporation can not acquire property or perform any act beyond its territorial limits, and is therefore not liable for damages caused by the acts of the municipal agents or officers assuming to represent it in a matter which is wholly ultra vires. Unquestionably the general rule is as contended by the plaintiff in error. *Langley* v. *Augusta,* 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133). The charter of the Town of Mansfield (Acts 1906, p. 838) contains a very broad general welfare clause, authorizing the enactment of all ordinances, rules, and regulations for the welfare and proper government of the town. It also declares that "Said Town of Mansfield shall be capable in law and equity to purchase, hold, receive, enjoy, possess and retain in perpetuity, or for any term of years, any estate or estates real and personal, lands, tenements, and hereditaments of every kind, within or without the limits of said town, for corporate purposes, and to sell and convey, alien, exchange, or lease the same or any part thereof." Under the general welfare clause the Town of Mansfield has authority to operate an electric-light system for the purpose of furnishing lights to that municipality and its citizens. *Heilbron* v. *Cuthbert,* 96 *Ga.* 312 (23 S. E. 206). The Town of Mansfield is expressly given authority by its charter to acquire any estate real or personal, or any interest therein, within or without the limits of the municipality, for corporate purposes. This is an express power for the city to acquire by contract a right to erect its poles for the purpose of stringing wires to connect with a source from which it will receive electrical current with which to light its city. *Hall* v. *Calhoun,* 140 *Ga.* 611 (79 S. E. 533). It follows, as the Town of Mansfield possessed the right to provide electrical lighting for that municipality, and was

expressly given the power to acquire property beyond the limits of the town for corporate purposes, that the town was not engaged in an ultra vires act, in the performance of which the plaintiff's husband received his fatal injury. Inasmuch as the sufficiency of the petition respecting the acts relied upon to show negligence is not questioned in the briefs, we forbear notice of them.

*Judgment affirmed. All the Justices concur.*